## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

LARON MATLOCK,                    )
                                  )
        Petitioner,            )
                                  )
vs.                               )          **Case No. 21-cv-1264-DWD**
                                  )
D. SPROUL,                        )
                                  )
        Respondent.            )

## MEMORANDUM AND ORDER

**DUGAN, District Judge:**

Petitioner Laron Matlock, an inmate of the Federal Bureau of Prisons, brings this habeas corpus action pursuant to 28 U.S.C. § 2241 to challenge the Bureau of Prisons' calculation of his federal sentence imposed in the United States District Court for the Western District of Tennessee (Case No. 2:12-CR-20213).  Petitioner alleges that the Bureau of Prisons failed to fully credit his incarceration time he served pursuant to his concurrent Tennessee state court sentence (Doc. 4).  Respondent contends that Petitioner has received all the credit against his sentenced that is due.  For the reasons detailed below, the Petition will be denied.

## Background

On August 1, 2012, Petitioner was arrested by Tennessee authorities for aggravated kidnapping, sexual exploitation of a minor, and promoting prostitution in Shelby County, Tennessee (Case No. 12130412) (Doc. 12, pp. 2, 9).  This case was ultimately dismissed on June 27, 2017 (Doc. 12, pp. 14-15).  However, Petitioner remained

in state custody because of another pending matter in Shelby County, Tennessee (Case No. 09-2233-08113471) (the "state case" or "Case No. 09-2233").   Specifically, on September 6, 2012, a petition to revoke a suspended sentence was filed against Petitioner in Case No. 09-2233 (Doc. 12, pp. 23, 32).   On March 8, 2013, Petitioner's suspended sentence in Case No. 09-2233 was revoked, and Petitioner was sentenced to serve the original 10-year term imposed (Doc. 12, pp. 26-27).   Petitioner began serving his state sentence on March 8, 2013 (Doc. 12, pp. 27, 33).

On August 29, 2012, and while Petitioner was in state custody, he was charged in the United States District Court for the Western District of Tennessee (the "District Court") for Sex Trafficking and Attempted Sex Trafficking (Case No. 2:12-CR-20213) (Doc. 12, p. 17).

On September 5, 2012, the District Court issued a Writ of Habeas Corpus *ad Prosequendum* allowing the United States Marshals Service ("USMS") to temporarily take physical custody of Petitioner to ensure his appearance at hearings in the federal case (Doc. 12, p. 21).   The USMS took temporary custody of Petitioner pursuant to the Writ on multiple occasions (Doc. 12, p. 37), including from July 10, 2013 to March 3, 2015, so Petitioner could undergo a psychological evaluation, and attend his plea and sentencing hearings (Doc. 12, p. 37).

On February 12, 2015, the District Court sentenced Petitioner to a 180-month term of imprisonment.  (Doc. 12, p. 63).   The judgment further provided that the term "is to run concurrent to the undischarged term of imprisonment in Docket No. 09-02233." (*Id.*). On March 3, 2015, Petitioner was returned to the Tennessee Department of Corrections

2

to finish serving his state sentence (Doc. 12, p. 37).  Petitioner's federal case remained as a detainer (*Id.*).

On June 5, 2019, Petitioner completed his state term of incarceration and paroled to the exclusive custody of the USMS (Doc. 12, p. 37).  While Petitioner was not formally received into federal custody until June 5, 2019, the Bureau of Prisons ("BOP") retroactively designated Tennessee's Department of Corrections as an appropriate facility to begin serving his federal sentence under a "nunc pro tunc" designation under 18 U.S.C. § 3621 (Doc. 12, p. 73).  Therefore, the BOP calculated Petitioner's federal sentence to commence on February 12, 2015, the day it was imposed (Doc. 4, p. 11; Doc. 12, p. 73) opposed to the date he was received into the primary custody of the USMS.

Petitioner also received credit for 219 days of prior state custody, representing the period of August 1, 2012 through March 7, 2013 (the time from his arrest in state court until the imposition of the state court sentence), because the BOP determined that Petitioner met the limited exception for prior custody credit articulated in *Willis v. United States*, 438 F.2d 923 (5th Cir. 1971) & *Kayfez v. Gasele*, 993 F.2d 1288 (7th Cir. 1993) (Doc. 4, p. 11; Doc. 12, p. 73, 85-92).[1]  As detailed in the Government's response, the *Willis/Kayfez* analysis assists the BOP in evaluating how to credit periods of presentence detention

---

[1]Respondent also noted that Petitioner received credit for the period of August 1, 2012 through September 5, 2012 under § 3585(b) because the Tennessee DOC had not credited that time to Petitioner's state sentence. However, this time period is also included in the time the BOP credited pursuant to the *Willis/Kayfez* exception.

which predate concurrent state and federal sentences (Doc. 11).[2]  Petitioner does not object to the 219 days of credit he received pursuant to the *Willis/Kayfez*.

Petitioner did not, however, receive credit from March 8, 2013 (the date his state court sentence was imposed) through February 11, 2015 (the day before his federal sentence was imposed) because the BOP determined that this time was spent solely in service of Petitioner's state sentence (Doc. 12, p. 6).

## Discussion

18 U.S.C. § 3585(b) provides that credit on a federal sentence can only be given for pretrial detention time "that has not been credited against another sentence." *See*, *United States v. Ross*, 219 F.3d 592, 594 (7th Cir. 2000). The Seventh Circuit has repeatedly held that § 3585(b) means what it says: the time that a defendant spends in pre-sentence custody cannot be credited to his newly-imposed sentence if that time has been credited to another sentence. *See*, *United States v. Walker*, 98 F.3d 944, 945 (7th Cir. 1996) ("The statute [§ 3585(b)] is explicit that you can get credit against only one sentence, and the defendant was already getting credit against the sentence for his parole violation."); *Ross*, 219 F.3d at 594 ("§ 3585(b) forbids the BOP from giving credit for presentence custody when that credit has been applied against another sentence."); *Grigsby v. Bledsoe*, 223 F.

---

[2](*See also* Doc. 11) (citing Doc. 12, at ¶¶ 21-25) ("Taken together, these cases evaluate whether a state's crediting of presentence custody time provides any benefit to the inmate, or whether its application is essentially illusory. … In other words, if the state authority's application of presentence detention credit did not materially reduce the term of the overall incarceration as between concurrent sentences, then the BOP will apply credit for the period of pretrial detention leading up to the imposition of the state sentence.")

App'x 486, 488–489 (7th Cir. 2007), and cases cited therein; *Short v. Revell*, 152 F. App'x 542, 544 (7th Cir. 2005); *Easley v. Stepp*, 5 F. App'x 541, 542 (7th Cir. 2001).

Petitioner has been given credit on his federal sentence for all of the time beginning on the day on which it was imposed, February 12, 2015, because the BOP retroactively designated the Tennessee DOC as an appropriate facility for Petitioner to begin service of his federal sentence.  Petitioner also received credit for the period of August 1, 2012 through March 7, 2013 (representing the time from his arrest in state court until the imposition of the state court sentence) because the BOP determined that Petitioner met the limited exception for prior custody credit articulated in *Willis*, 438 F.2d 923.

Petitioner did not, however, receive credit from March 8, 2013 (the date he began serving his state court sentence) through February 11, 2015 (the day before he was sentenced by the District Court), which Petitioner appears to argue was error.  However, Petitioner cannot be given credit for the time he spent in custody serving his state court sentence that was prior to the imposition of his federal sentence under § 3585(b). Petitioner was not sentenced by the District Court until February 12, 2015.  Therefore, the BOP correctly determined that the time Petitioner spent in state court custody from March 8, 2013 through February 11, 2015 was not creditable against his federal sentence because that time was credited to his state sentence. *See* 18 U.S.C. § 3585(b) ("A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences -- . . . that has not been credited against another sentence.").

5

Further, Petitioner's various transfers into temporary federal custody via the Writ of Habeas Corpus *ad Prosequendum* do not affect the analysis here because Petitioner was not in prior custody of the USMS until June 5, 2019.  As the Seventh Circuit has explained:

> The writ of habeas corpus *ad prosequendum* enables a jurisdiction "to take temporary custody of a prisoner confined within another jurisdiction and indict, prosecute, and sentence such prisoner." *Flick v. Blevins*, 887 F.2d 778, 781 (7th Cir. 1989). Where, as here, "the writ expressly requires the return of the prisoner to the 'sending' state, the sending state retains full jurisdiction over the prisoner since the prisoner is only 'on loan' to the prosecuting jurisdiction." *Id.* (citations omitted); *Jake v. Herschberger*, 173 F.3d 1059, 1061 (7th Cir. 1999) n. 1 (7th Cir. 1999) ("Because the receiving sovereign merely obtains limited jurisdiction over the 'borrowed' prisoner, the prisoner is still under the jurisdiction of the sending sovereign, and is considered to be in the custody of the sending sovereign not the receiving sovereign."). Thus, because the sending state retains primary jurisdiction over the prisoner, "federal custody commences only when the state authorities relinquish the prisoner on satisfaction of the state obligation." *United States v. Evans*, 159 F.3d 908, 911–12 (4th Cir. 1998) (citations omitted).

*United States v. Lemus-Rodriguez*, 495 F. App'x 723, 725–26 (7th Cir. 2012).

Here, like the defendant in *Lemus-Rodriguez*, Petitioner was in the physical custody of federal authorities pursuant to the *ad prosequendum* writ and was returned to the state following the federal proceedings. Moreover, the record lacks any indication that the state relinquished primary custody of him at any time.  *See Id.* at * 726 (citing *United States v. Cole*, 416 F.3d 894, 897 (8th Cir. 2005)) ("Primary jurisdiction continues until the first sovereign relinquishes its priority in some way.").  Thus, although Petitioner was in federal custody pursuant to the writ, this did not alter the fact that he was in the legal custody of Tennessee during that period.  *See, Id.* (citing *Short*, 152 F. App'x at 544–45 ("[T]hough Short was physically in the hands of the marshals service during the ten

months before his federal sentencing, he remained in the legal custody of Indiana during that period and received credit against his state sentence[.]" (citations omitted)). Accordingly, the BOP has properly computed Petitioner's sentence.

Petitioner also briefly asserts that the Government violated his plea agreement such that he should be released from custody (Doc. 4, p. 2). Although it is not entirely clear, and the argument is underdeveloped, Petitioner seems to be arguing that his federal sentence should be adjusted on that basis. This argument concerns the imposition of sentence, not the execution of sentence, and therefore cannot be brought in a 28 U.S.C. § 2241 petition. *See, e.g., Carnine v. United States*, 974 F.2d 924, 927 (7th Cir. 1992) (a challenge to the imposition of a sentence or discontent with a plea agreement should proceed under 28 U.S.C. § 2255, whereas questions of the computation of a sentence should proceed under 28 U.S.C. § 2241); *Waletzki v. Keohane*, 13 F.3d 1079, 1080 (7th Cir. 1994) (§ 2241 is the proper avenue where the prisoner "is attacking the fact or length of his confinement in a federal prison on the basis of something that happened after he was convicted and sentenced").

In sum, Petitioner's argument that he should be given credit on his federal sentence for the time spent in state custody prior to the imposition of that sentence is barred by 18 U.S.C. § 3585(b). And, his claim regarding the imposition of his sentence is underdeveloped, and cannot be brought in a 28 U.S.C. § 2241 petition absent a showing that a § 2255 petition is "inadequate or ineffective to test the legality of his detention", 28 U.S.C. § 2255, which Petitioner has not done.

## Conclusion

For the foregoing reasons, Laron Matlock's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Doc. 4) is **DENIED**.  The Petition is **DISMISSED with prejudice**.  The Clerk of Court is directed to enter judgment in favor of Respondent and to close this case.

      **SO ORDERED.**

      Dated: October 5, 2022

                                              DAVID W. DUGAN
                                            United States District Judge