IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| LARON MATLOCK, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Case No. 21-cv-1264-DWD |
| | ) | |
| D. SPROUL, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

**DUGAN, District Judge:**

On October 5, 2022, the undersigned dismissed Petitioner Laron Matlock's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 on October 5, 2022 (Doc. 18). Now before the Court is Petitioner's motion for leave to appeal *in forma pauperis* ("IFP") (Doc. 25).

A federal court may permit a party to proceed on appeal without full pre-payment of fees provided the party is indigent and the appeal is taken in good faith. 28 U.S.C. § 1915(a)(1) & (3); Fed. R. App. P. 24(a)(3)(A). *See also Walker v. O'Brien*, 216 F.3d 626, 630-31 (7th Cir. 2000). "[T]o determine that an appeal is in good faith, a court need only find that a reasonable person could suppose that the appeal has some merit." *Walker*, 216 F.3d at 632 (citing *Lee v. Clinton*, 209 F.3d 1025, 1026 (7th Cir. 2000)). Bad faith, on the other hand means that a party has appealed on a frivolous theory, one that "no reasonable person could suppose to have any merit." *Lee*, 209 F.3d at 1026. The motion to proceed IFP must also be supported by an affidavit that: (1) shows the party's inability to pay or

to give security for fees and costs; (2) claims an entitlement to redress; and (3) states the issues that the party intends to present on appeal. *See* Fed. R. App. P. 24(a)(1).

Here, a review of Petitioner's motion confirms he is indigent. The remaining issue, then, is whether his appeal is not clearly frivolous and taken in good faith. His original motion for leave to appeal IFP did not set out a list of issues he intended to address on appeal as required by the Federal Rules of Appellate Procedure. As such, the Court directed Petitioner to supplement his motion (Doc. 26). Petitioner filed a supplement to his original motion, which in its entirety provides: "the issue that will be pursued on appeal will be the denial of Petitioners Writ of Habeas Corpus that sought jail credit for time spent in official detention" (Doc. 27). Construing the supplement broadly, Petitioner intends to challenge the Bureau of Prison's computation of his federal sentence, and the Court's finding that the BOP's computation was correct. While the Court remains convinced that its finding was appropriate in this matter, the Court is unable to certify that this appeal is not taken in good faith.

Accordingly, Petitioner's motion (Doc. 25) is **GRANTED**. The Clerk is **DIRECTED** to send a copy of this Order to the United States Court of Appeals for the Seventh Circuit.

**SO ORDERED.**

Dated: December 6, 2022          /s *David W. Dugan*
                                 _____
                                 DAVID W. DUGAN
                                 United States District Judge